PER CURIAM:
Claimant, John Lafferty, seeks an award of $677.00 from respondent, Division of Highways, for property damage sustained while his wife was driving his vehicle on March 7,1994, on Virginia Street in Oak Hill, West Virginia.
The evidence presented at the hearing on August 4,1994, established that between *141 4:00 and 5:00 p.m., Mrs. Shelia Lafferty was driving her husband’s 1985 Camaro on Virginia Street, also known as Route 61/18. Mrs. Lafferty testified it was a dry and sunny day, and she was following behind her husband approximately two car lengths when she noticed a hole in the road. She described the hole as being one and a half to two feet wide and six to eight inches deep. The hole was located on the right side of the road. As she approached the hole, she attempted to drive her vehicle to straddle the hole, but her vehicle went into the hole. After the Camaro struck the hole, she continued driving, however, she did notice the vehicle was making a noise. This was the first time Mrs. Lafferty had ever traveled this road. Once Mr. and Mrs. Lafferty reached their destination, the car was examined. It was determined from this examination that there was a broken gear in the rear end of the car. At the haring the claimant entered into evidence a receipt for the cost ob buying a rear disc brake for $477.00. He stated that the whole unit had to be purchased to replace the gear. He also explained that he felt obligated to pay his friend, Mr. Tommy Arrington approximately $60.00, but offered no corroborative evidence of this debt or payments made on the original debt. After the hearing the claimant submitted an insurance indicating the car was only covered by liability insurance.
Mr. John Zimmerman, a supervisor for the respondent, testified that he is responsible for road maintenance in the area of the incident. He stated he was aware of a recurring hole in the road in this area. He also explained that crews had patched Virginia Street on March 1,1994, with a cold mix temporary patch, and they went back on March 11, 1994, to repatch areas which had broken loose.
The Court is well aware that the winter months of January and February 1994 were months with severe weather conditions which impacted the condition of all of the roads and highways throughout the State. The snow and rain created snow and ice conditions upon all of the roads and highways. Respondent, by necessity, concentrated its maintenance efforts upon snow and ice removal activities which had to take priority over all other maintenance activities. However, the facts in this claim establish that respondent had actual notice of the defect in the road, the severity of the defect, and the propensity for the temporary patching material to come out of the hole in a short period in time. Respondent did not take the precaution of placing a cone in the hole or place some other type of warning device for the traveling public. "Hie hole was located in the travel portion of the road and in a curve. It was filled with water and respondent was aware that this area had a drainage problem so the hole was unusually filled with water. Claimant’s wife had no knowledge of the hole in the road and she could not avoid it due to oncoming traffic. Therefore, the Court has determined that respondent was negligent in its maintenance of this area of Route 61/28.
In accordance with the findings of the Court as stated herein above, the Court makes an award to claimant in the amount of $677.00 for the damages to his vehicle.
Award of $677.00.